1   Derek A. Newman, State Bar No. 190467
    *derek@newmanlaw.com*
2   NEWMAN DU WORS LLP
3   100 Wilshire Boulevard, Suite 940
    Santa Monica, CA  90401
4   Telephone:   (310) 359-8200
    Facsimile:    (310) 359-8190
5
6   Attorneys for Plaintiff
    Kreation Juicery, Inc.
7
8   Robert R. Heft, State Bar No. 076739
    *rheft@daleyheft.com*
9   Suzana I. Sinatra, State Bar No. 201727
    *ssinatra@daleyheft.com*
10  DALEY & HEFT, LLP
11  462 Stevens Avenue, Suite 201
    Solana Beach, CA  92075
12  Telephone:   (858) 755-5666
    Facsimile:    (858) 755-7870
13
14  Attorneys for Defendants
    Eiman Shekarchi and April Heidarian
15

16              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
17                     **WESTERN DIVISION**
18

| | |
|---|---|
| 19  KREATION JUICERY, INC., | No.: LACV14-00658-DMG (ASx) |
| 20                Plaintiff, | |
| 21       v. | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| 22  EIMAN SHEKARCHI, et al., | |
| 23                Defendants. | |
| 24 | |

25
26
27
28

This Stipulated Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1.      Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") relevant to the parties' claims or defenses may be disclosed or produced during the course of discovery in this litigation by the parties to the litigation or third parties;

2.      The parties to this litigation and third parties producing information may assert that public dissemination and disclosure of Confidential Information could injure or damage the party disclosing or producing the Confidential Information or could place that party at a competitive disadvantage; and

3.      To protect the interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

IT IS THEREFORE ORDERED THAT:

**A.    Definitions**

1.      As used in this Order, "Confidential" Information and Materials shall include all Information and Materials that have not been made public, the disclosure of which could cause harm to the disclosing Party's business operations or the business operations of a party in privity with the disclosing Party, could provide improper competitive advantage to others, or discloses private or personal information.

2.      As used in this Order, "Confidential—Outside Counsels' Eyes Only" Information and Materials shall include all Information and Materials that would, if disclosed to any officer, director, employee, or agent of a receiving Party, or to the public, lead to a harm or injury to the reputation and/or business of the disclosing Party. Confidential—Outside Counsels' Eyes Only Information and

Materials may include information that concerns or relates to (1) sales, marketing, manufacturing, or research and development, (2) financial performance, (3) manufacturing or other costs of doing business, (4) licenses or other confidential agreements, (5) technical details of products or methods of doing business, (6) manufacturers and/or suppliers, and/or (7) corporate information, such as information relating to mergers, acquisitions, and/or asset purchases. Confidential—Outside Counsels' Eyes Only Information and Materials is a subcategory of Confidential Information and Materials as defined above in Section A.1. Confidential—Outside Counsels' Eyes Only Information shall not include any Information and Materials that have been made public, provided such public disclosure was authorized by the Party claiming ownership of the Information or Materials, or otherwise not unlawful, inadvertent, or the fault of the receiving Party.

**B.     Marking Requirements**

    1.     All Information and Materials deemed Confidential or Confidential— Outside Counsels' Eyes Only shall be so identified on each page and labeled by the producing Party as follows:

        a.     Confidential Information and Materials shall be labeled "Confidential;" and

        b.     Confidential—Outside Counsels' Eyes Only Information and Materials shall be labeled "Confidential—Outside Counsels' Eyes Only."

    2.     For Information and Materials deemed Confidential or Confidential— Outside Counsels' Eyes Only that are produced in some form other than documentary, and for any other tangible items, the producing Party shall affix in a prominent place on the exterior of the CD or DVD, other electronic storage media, or other container or containers in which the information or item is stored the legend Confidential or Confidential—Outside Counsels' Eyes Only. If only portions of the information or item warrant protection, the producing Party, to the

1  extent practicable, shall identify the protected portions, specifying whether they
2  qualify as Confidential or Confidential—Outside Counsels' Eyes Only.

3        3.     If qualified Information and Materials cannot be labeled, they shall be
4  designated as Confidential or Confidential—Outside Counsels' Eyes Only in a
5  manner to be agreed upon by the Parties.

6        4.     If the original of a document or thing is not produced, the designating
7  Party may, in lieu of marking the original of a document or thing, mark the copies
8  that are produced or exchanged, provided that the other Party, by its counsel, shall
9  have the right to examine the original, to be provided with a full and complete
10 copy thereof, and to call for production of the original at the trial in this action.
11 Notwithstanding the foregoing, nothing in this Order requires the production of
12 Information and Materials that are subject to a claim of privilege and/or work
13 product immunity, or any Information and Materials that are otherwise not subject
14 to discovery.

15       5.     The identification and labeling specified in Sections B.1, B.2, B.3, and
16 B.4 of this Order shall be made at the time when the answer to an interrogatory or
17 the answer to a request for admission is served, or when a copy of the document or
18 thing is provided to a Party. In the case of hearing and deposition transcript pages,
19 the designating Party may invoke on the record (before the deposition or
20 proceeding is concluded) the right to designate such transcripts. Once a Party has
21 invoked this procedure, the Parties shall have up to fifteen (15) days from the date
22 of receipt of a copy of the final transcript from the court reporter to identify the
23 specific portion(s) of the testimony as to which protection is sought and to specify
24 the level of protection being asserted (Confidential or Confidential—Outside
25 Counsels' Eyes Only). During such fifteen (15) day period, the entire transcript
26 shall be deemed to be Confidential—Outside Counsels' Eyes Only.

27       6.     In the event that a disclosing Party discovers an inadvertent failure to
28 mark qualified Information or Materials as Confidential or Confidential—Outside

Counsels' Eyes Only, the other Party shall be notified immediately and the following corrective action shall be taken:

a.     The receiving Party shall notify all persons to whom it provided the Information and Materials that the Information and Materials are designated Confidential or Confidential—Outside Counsels' Eyes Only and must be treated as designated in this Order.

b.     The receiving Party shall take reasonable steps to provide to those persons any redesignated copies of the Information and Materials supplied by the disclosing Party.

c.     The receiving Party shall treat the newly marked Information and Materials as set out in Sections E, F, and G of this Order.

**C.     Designating Information and Documents**

1.     In designating Information and Materials as Confidential or Confidential—Outside Counsels' Eyes Only, a Party will make such designation only as to that information that the Party in good faith believes to be Confidential or Confidential—Outside Counsels' Eyes Only, as defined in Section B of this Order.

2.     If counsel for a Party believes that questions put to a witness being examined during a deposition will disclose Confidential or Confidential—Outside Counsels' Eyes Only of his or her client, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such information, counsel shall so notify opposing counsel and the deposition of such witness, or portions thereof, shall be taken only in the presence of Persons qualified to receive that information under Section E.

**D.     Redaction**

1.     Redacted versions of Confidential or Confidential—Outside Counsels' Eyes Only Information and Materials that no longer contain Confidential or Confidential—Outside Counsels' Eyes Only information may be

- 4 -

1    used for any proper purpose.

2        2.    If any Party intends to use a redacted version of any Information and

3    Materials designated Confidential or Confidential—Outside Counsels' Eyes Only

4    in a manner that would exceed the uses permitted under the designation used on

5    such Information and Materials, the Party must first submit its proposed redactions

6    to the Party that originally designated such Information and Materials. Upon

7    receipt, the Party originally designating such Information and Materials shall make

8    a good faith effort to either approve the proposed redactions or propose whatever

9    additional redactions are necessary to render the Information and Materials

10   appropriate for use or disclosure exceeding their original designation as promptly

11   as practicable, but in no event more than seven (7) days after the receipt of the

12   proposed redactions.

13   **E.    Access to Confidential or Confidential—Outside Counsels' Eyes Only**

14        **Information and Materials**

15        1.    It is the general intent of the Parties to limit disclosure of Information

16   and Materials to the smallest number of persons possible, consistent with the needs

17   of litigation.

18        2.    All access, possession, use, testing, inspection, study, or copying of

19   any Information or Materials designated as Confidential under this Order is

20   governed by this Order and is limited to the following persons:

21        a.    The law firms retained by any of the Parties for the purposes of

22        the above-captioned litigation, including attorneys, law clerks, stenographic,

23        clerical, and paralegal employees of these firms or temporary employees or

24        assistants (including paralegals and attorneys) and outside vendors that

25        provide litigation support services such as photocopying, court reporting,

26        videotaping, deposition video synchronization, translating, preparing

27        exhibits or demonstratives, or organizing, storing, and/or retrieving data in

28        any form or medium, whose functions require access to such Information

and Materials;

b.      Persons who are Parties or officers, directors, or employees of Parties in this action who have a need to know the Confidential Information and Materials solely for purposes of this litigation, provided that such persons shall be furnished a copy of this Order and made aware of the obligations imposed thereunder prior to such disclosure;

c.      Independent experts, consultants, or translators for each Party and their staff, who are not officers, directors, or employees of or consultants for a Party or its parents, subsidiaries, divisions, branches, affiliates, or competitors, and who, at the time of retention, are not anticipated to become an officer, director, or employee of or consultant for a Party or of a Party's competitor, and whose advice and consultation will be used by such Party for purpose of the above captioned action; and

d.      The Court and its staff.

3.      All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as Confidential—Outside Counsels' Eyes Only under this Order is governed by this Order and is limited to persons identified in Section E.2(a), E.2(c), and E.2(d).

4.      Nothing in this Confidentiality Order affects the right of the Party that produced Confidential or Confidential—Outside Counsels' Eyes Only Information and Materials to use or disclose such information in any way. Such disclosure shall not waive the protections of this Order and shall not entitle other Parties, non-parties or their attorneys to use or disclose such information in violation of this Order, except that if the producing Party uses such materials in a manner inconsistent with their designation, then that shall serve as a basis to object to the designation and said objections shall be resolved as set forth in Section G.9 below.

5.      Any Party may object to the designation of particular information as Confidential or Confidential—Outside Counsels' Eyes Only by giving written

notice to the producing Party and to all other Parties in this action. Such objection shall identify with specificity the information to which it is directed and the basis thereof. The Parties will attempt to resolve any disagreements about the designation of Information and Materials as Confidential or Confidential—Outside Counsels' Eyes Only on an informal basis before presenting the dispute to the Court by motion or otherwise. If unable to resolve any such disagreements, the objecting Party shall file an appropriate motion with the Court. Information and Materials designated as Confidential or Confidential—Outside Counsels' Eyes Only shall remain under the protection of this Order until there is an order of the Court to the contrary or until there is an express written agreement between the Parties. No Party shall be obliged to challenge the propriety of a Confidential or Confidential—Outside Counsels' Eyes Only designation at the time of production, or at any time, and failure to do so shall not be considered an agreement that the materials are properly designated nor shall it preclude a subsequent challenge to the propriety of such designation.

6.     Any person other than outside counsel, the Court and its staff, or employees of a Party who wishes to obtain access to Confidential or Confidential—Outside Counsels' Eyes Only Information or Material, other than court reporters, videographers, and vendors, shall sign an  (Acknowledgement and Agreement to be Bound (attached hereto as Exhibit A) acknowledging they have read, and agree to be bound by, the provisions of this Order, and that such person submits to the jurisdiction of this Court with respect to any disputes pertaining to this Order.

**F.     Handling Confidential or Confidential—Outside Counsels' Eyes Only Information and Materials**

1.     Copies of Confidential or Confidential—Outside Counsels' Eyes Only Information and Materials shall not be disclosed or shared by the Party to whom they are disclosed except as set forth herein, unless they (a) become a part of the

- 7 -

1  public record in this action either (i) by agreement of the Parties or (ii) by order or

2  action of the Court, or (b) have otherwise been made public through lawful means

3  and through no fault of the receiving Party.

4       2.      The Parties are ordered to retain copies of all Confidential or

5  Confidential—Outside Counsels' Eyes Only Information and Materials that are

6  provided in discovery under this Order. Documents containing any content drawn

7  from Information and Materials so designated must be filed under seal according to

8  the Court's Local Rules and administrative procedures for filing of confidential

9  information with the Court. Any version of such documents that a Party intends to

10 use publicly and/or in a manner exceeding the designation of the Information and

11 Materials disclosed therein must be redacted to remove any and all references to

12 content drawn from such Information and Materials.

13      3.      Within sixty days after the final judgment and the exhaustion of any

14 appeals in this action or the settlement of this action and upon written request of

15 the disclosing Party, all Confidential or Confidential—Outside Counsels' Eyes

16 Only Information and Materials in the possession, custody or control of the

17 receiving Party, including experts and their staff as identified above in Section

18 E.2(c) retained or otherwise engaged by the receiving Party, except those in

19 possession of the Court, shall be returned or destroyed. Each Party's outside

20 counsel, however, may retain one archival copy of all attorney work product,

21 correspondence, expert reports, deposition and trial transcripts and exhibits, papers

22 filed with the Court (including exhibits), and discovery responses (but not

23 document production) exchanged by the Parties. Any protected materials included

24 in the archival copy shall remain subject to the provisions of this Order. Outside

25 counsel shall certify to counsel for the producing Party the return or destruction of

26 Confidential or Confidential—Outside Counsels' Eyes Only Information and

27 Materials so designated in their possession, custody, or control, promptly upon the

28 completion of such return and/or destruction.

4.      In the event that any Information or Material designated as Confidential or Confidential—Outside Counsels' Eyes Only is inadvertently disclosed or produced to an individual not permitted under this Order to receive or view such Information and Materials, the disclosing Party must be informed promptly and such inadvertently disclosed Information and Materials must immediately be returned to the disclosing Party to the extent they can be returned through reasonable efforts. The Parties expressly agree that no waiver of the Confidential or Confidential—Outside Counsels' Eyes Only status of the Information and Materials will have occurred as a result of inadvertent disclosure or production.

**G.      Protected Material Subpoenaed or Ordered Produced in Other Litigation**

1.      If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential or Confidential—Outside Counsels' Eyes Only, the receiving Party must so notify the producing Party, in writing (by email if possible) within ten court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order.

2.      The receiving Party must also inform in writing the party who caused the subpoena or order to issue in the other litigation within ten court days of receipt, that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order within ten court days of receipt to the party in the other action that caused the subpoena or order to issue.

3.      The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating Party shall bear the burdens and the

expenses of seeking protection in that court of its Information and Materials, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

**H.   Miscellaneous**

1.   This Order shall not prevent a Party from applying to the Court for relief from this Order or any part thereof, or for relief from its application in any particular circumstance, or from applying to the Court for further or additional protective agreements or orders.

2.   This Order shall survive the final termination of this or related proceedings to the extent that the Confidential or Confidential—Outside Counsels' Eyes Only Information and Materials have not or do not become known to the public.

3.   Each person having access to Confidential or Confidential—Outside Counsels' Eyes Only Information and Materials under this Order shall take all reasonable steps to comply with this Order.

4.   Any person bound by this Order may rely on a waiver or consent that is made by an attorney for a Party as if that waiver or consent was made by that Party or person, provided that such waiver or consent shall be either in writing or on record in a hearing, trial, or deposition transcript.

5.   In the event any non-Party is called upon to produce Information and Materials that qualify for protection under this Order, such non-Party may elect to produce its Information and Materials subject to the terms of this Order by serving a notice of its election on counsel for each Party. After service of notice of election, this Order shall be binding on and inure to the benefit of such non-Party.

6.   Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. Regarding trial, counsel for the Parties will meet and confer in good faith as part of the pre-trial conference statement process to put into a place a procedure for identification of

and use of Confidential or Confidential—Outside Counsels' Eyes Only
Information and Materials at trial.

       7.     Modification of the Stipulated Protective Order. Any party may apply
to the Court for a modification of this Stipulated Protective Order, and nothing in
this Stipulated Protective Order shall be construed to prevent a party from seeking
such further provisions enhancing or limiting confidentiality, as may be
appropriate. The provisions of this Order may be modified at any time by
stipulation of the Parties approved by order of the Court. Nothing in this
Stipulation and Order shall constitute: (i) an agreement by any Party to produce
any documents or other materials in discovery not otherwise agreed upon or
required by court order or the Federal Rules of Civil Procedure; (ii) a waiver by
any person or Party of any right to object or to seek a further order with respect to
any discovery in this or any other action; or (iii) a waiver of any claim of privilege
with respect to any testimony, document, or information.

       8.     The Parties shall not be required to include any documents created in
connection with litigation on their privilege logs.

SO ORDERED.

Dated this  21st  day of ___August___, 2014.

                           / s /
                     Hon. Alka Sagar
                     U.S. Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name],
declare under penalty of perjury that I have read in its entirety and understand the
Stipulated Protective Order that was issued by the United States District Court for
the Central District of California in the civil action titled *Kreation Juicery, Inc. v.
Eiman Shekarchi et al.,* Case No. LACV14-00658-DMG (ASx). I agree to comply
with and to be bound by all the terms of this Protective Order and I understand and
acknowledge that failure to comply could expose me to sanctions and punishment
in the nature of contempt. I solemnly promise that I will not disclose in any manner
any information or item that is subject to this Protective Order to any person or
entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District
Court for the Central District of California for the purpose of enforcing the terms
of this Protective Order, even if such enforcement proceedings occur after
termination of the action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER